# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-2173V
(not to be published)

| | |
|---|---|
| CAROLYN DIANNE CONN,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 8, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates |

*William E. Cochran, Jr.* Black, McLaren, et al., PC, Memphis, TN, for Petitioner.

*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 16, 2021, Carolyn Dianne Conn filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccine he received on November 24, 2018. Petition at 1. On November 9, 2022, I issued a Decision awarding compensation to Petitioner, based on Respondent's proffer. ECF No. 32.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting a total award of $50,256.16 (representing $46,449.80 in fees and $3,806.36 in costs). Petitioner's Application for Attorneys' Fees and Costs, filed Mar. 1, 2023, ECF No. 37. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred no out-of-pocket expenses. ECF No. 37-3.

Respondent reacted to the motion on March 2, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 38. Petitioner did not file a reply thereafter.

Having considered the requested hourly rate increase and following review of the billing records submitted with Petitioner's requests, I find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Petitioner requests compensation for attorneys Michael McLaren and William Cochran; and paralegals at the following rates:

|                  | 2021  | 2022  | 2023  |
|------------------|-------|-------|-------|
| Michael McLaren  | $484  | X     | X     |
| William Cochran  | $420  | $435  | $457  |
| Paralegals       | $161  | $167  | $175  |

The requested rates for time billed by Mr. McLaren, Mr. Cochran, and paralegals between 2020 and 2022 are reasonable and consistent with what has previously been awarded for work these attorneys have performed for other petitioners. ECF No. 37-2 at 1-11. And all travel time was properly billed at one-half of the attorney's usual hourly rate. *Id.* at 6; *see,* e.g., *Hocraffer v. Sec'y of Health & Hum. Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011).

For time billed in 2023, however, Mr. Cochran and paralegals have previously been awarded the rates of $450 and $172 respectively, for time billed in 2023. *See Gibson v. Sec'y of Health & Hum. Servs.,* No. 20-0243V (Fed. Cl. Spec. Mstr. May 8, 2023). Petitioner has provided no rationale for these requested mid-year increases, and the previously awarded rates are within the appropriate range for Mr. Cochran's and paralegals' levels of experience. *See* 2023 Attorneys' Forum Hourly Rate Fee Schedule, at http://www.uscfc.uscourts.gov/node/2914 (last visited May 25, 2023). Accordingly, I will reduce these 2023 rates, to be consistent with what has been previously awarded. This results in a reduction of **$13.90**.[3]

## ATTORNEY COSTS

Petitioner requests $3,806.36 in overall costs. ECF No. 37-2 at 12-39. She has provided receipts for all but expenses of $17.50 for postage, $8.95 for mileage, $55.60 for copying costs, $44.85 for long distance telephone costs, and $102.80 for PACER service fees. *Id.* I will nevertheless allow reimbursement of these unsubstantiated costs. Attempting to reduce his costs and thus, efficiently use Program funds, Petitioner's

---

[3] This amount is calculated as follows: ($457 - $450 = $7 x 1.3 hrs. = $9.10) + ($175 - $172 = $3 x 1.6 hrs. = $4.80) = $13.90.

counsel combined his trip to visit Petitioner with a visit in another vaccine case – seeking reimbursement for only one-half of these costs. *Id.* at 13, 29-34. And Respondent offered no specific objection to the rates or amounts sought.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$50,242.26 (representing $46,435.90 in fees and $3,806.36 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this Decision.[4]

**IT IS SO ORDERED.**

                                                    **s/Brian H. Corcoran**
                                                    Brian H. Corcoran
                                                    Chief Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.